IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PINNIE B. POUNDS, on behalf of
J.M.J.P. (minor child)                                                                        PLAINTIFF

vs.                                                                  CIVIL ACTION NO. 1:14CV139-SAA

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff Pinnie Pounds has filed an appeal under 42 U.S.C. § 405(g)on behalf of J.M.J.P., a minor, for judicial review of the decision of the Commissioner of Social Security denying an application of for supplemental security income (SSI) payments under Section 1614(a)(3) of the Social Security Act. Plaintiff filed the application for benefits on March 28, 2011, alleging that J.M.J.P became disabled on that date. Docket 20, p. 112. The claim was denied initially on May 25, 2011, and upon reconsideration on July 5, 2011. *Id.* at 44-47, 51-54. Plaintiff filed a request for hearing on July 25, 2011 (*id.* at 56), and an Administrative Law Judge (ALJ) scheduled the hearing for on March 15, 2013. Docket 20, p. 22-28. On that date, the ALJ agreed to postpone the hearing so that plaintiff could obtain a representative. *Id.* at 25. Despite this postponement, plaintiff attended the second hearing on June 15, 2013 without a representative. Docket 20, p. 28-41. The ALJ issued an unfavorable decision on July 25, 2013, and on July 3, 2014, the Appeals Council denied plaintiff's request for a review. *Id.* at 9-18, 1-3. On August 4, 2014, the Appeals Council granted plaintiff an additional 30 days to file a civil action in federal court. Docket 20, p. 6. Plaintiff timely filed the instant appeal, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

J.M.J.P. was born on January 4, 2011 and was two years old at the time of the hearing. Docket 20, p. 33, 112. Plaintiff contends that he became disabled before the application for benefits as a result of "one leg longer than other, hole in heart, shaking spells like seizures." Docket 20, p. 115.

The ALJ determined that while J.M.J.P. suffered from medically determinable impairments of bronchitis and leg length discrepancy, he did not have any severe impairment or combination of impairments that is severe. Docket 20, p. 15. Therefore, the ALJ determined that J.M.J.P. is not disabled. *Id.* at 17. Plaintiff, in her one page brief, claims that the ALJ erred because she did not allow her sufficient time to establish that J.M.J.P. was disabled. Docket 16.

## II. STANDARD OF REVIEW

The ALJ made his determination under the rules adopted by the Social Security Administration in accordance with the changes to children's disability benefits in the Personal Responsibility and Work Opportunity Reconciliation Act.[1] To be considered disabled under the Act a child must have a "physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[2]

---

[1] See 42 U.S.C. § 1382c.

[2] 42 U.S.C. § 1382c(a)(3)(C)(I).

In assessing a child's alleged disability, the Commissioner, through an ALJ, must work through a three-step sequential evaluation process used specifically to determine whether a child meets the disability criteria.[3] The burden rests upon the plaintiff to prove disability at all stages of the proceedings. First, the ALJ determines whether the child is working.[4] Second, the ALJ decides whether the child has a medically determinable "severe" impairment or combination of impairments.[5] Finally, at step three, for a finding of disabled, the ALJ must conclude the child's impairment or combination of impairments meets, medically equals or functionally equals the severity of an impairment listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02. 20 C.F.R. §§ 416.924(d) & 416.925 (2006). If plaintiff's impairment is severe but does not meet or equal in severity of a Listing, the ALJ must then undertake a Functional Equivalence Analysis ("FEA") to determine whether the impairment is "functionally equal in severity to a listed impairment."[6]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim.

---

[3] See 20 C.F.R. § 416.924 (2004).

[4] 20 C.F.R. § 416.924(b) (2006).

[5] 20 C.F.R. § 416.924(c).

[6] 20 C.F.R. § 416.926a(a).

*Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[7] even if it finds that the evidence leans against the Commissioner's decision.[8]

In the Fifth Circuit substantial evidence is defined as "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III.  DISCUSSION

Plaintiff's only assignment of error is that the ALJ did not allow her sufficient time to establish that her son was disabled. Docket 16. In response, the Commissioner notes that the ALJ and Appeals Council afforded plaintiff every extension that she requested. Plaintiff's first request for an extension was during the administrative hearing held on March 15, 2013, two

---

[7]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[8]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

4

years after the application for benefits was filed.  Docket 20, p. 25.  During this hearing plaintiff indicated that she wished to obtain representation, and the ALJ agreed to reschedule the hearing to allow her sufficient time to do so.  *Id.*  However, plaintiff still had not obtained representation by the June 25, 2013 hearing.  Docket 20, p. 28-41.  Plaintiff mad no further requests for additional time until August 4, 2014, when she requested and was granted additional time to file an appeal in federal court.  Docket 20, p. 6.  Over three years elapsed between the application for benefits and the Appeals Council's final decision.  Plaintiff has not provided any evidence to support her assertion that the Commissioner did not allow her sufficient time to prove that her son was disabled or that any additional time would have resulted in a different outcome.  Therefore, plaintiff's assignment of error is without merit.

## **IV.  CONCLUSION**

After diligent review, the court holds that the ALJ's decision was supported by substantial evidence and must be affirmed.  A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 29th day of May, 2015.

    /s/ S. Allan Alexander  
UNITED STATES MAGISTRATE JUDGE